UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCIS SCHAEFFER COX, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM TRUE, KATERINE SIEREVELD, ANGELA DUNBAR, KATHY HILL, GARY BURGESS, RICHARD BLYTHE, RHASAAN BASKERVILLE, CHAD KRAWCYZK, FEDERAL BUREAU OF PRISONS and MARK INCH, <br><br> Defendants. | Case No. 17-cv-338-JPG-DGW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 59) of Magistrate Judge Donald G. Wilkerson recommending that the Court deny plaintiff Francis Schaeffer Cox's motion for a preliminary injunction ("PI") (Doc. 2) and motion to strike various documents filed by the defendants (Doc. 45). Cox has objected to part of the Report (Doc. 60), and the defendants have responded to that objection (Doc. 61).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Cox is an inmate in the Federal Bureau of Prisons ("BOP"). This matter arose after BOP personnel prevented him from communicating with some outside individuals because it construed his communication as an attempt to direct a business, which BOP regulations prohibit. *See* 28 C.F.R. § 540.14(d)(4) (allowing warden to reject communication which includes "[d]irection of an inmate's business"). Cox also complains that actions taken in response to his communication attempts have

been improper retaliation for First Amendment activity. Cox believes that the applicable regulations are unconstitutional because they are void for vagueness. He also believes that since his communications are an attempt to facilitate making a movie about his life story for the purpose of raising money for his legal defense fund, they are entitled to First Amendment protection and cannot be prohibited.

Magistrate Judge Wilkerson found in the Report that it was unadvisable to grant Cox's request for a PI because it would alter the status quo while important threshold issues are decided, namely, whether Cox has exhausted his administrative remedies and whether a *Bivens* action exists for the type of wrong Cox asserts. He also recommended that the Court not strike certain documents filed by the defendants.

Cox does not object to Magistrate Judge Wilkerson's recommendation to deny the motion to strike. The Court has reviewed that portion of the Report for clear error and finds none. Accordingly, it will adopt that portion of the Report.

Cox objects that the Report acknowledges only that he has made a *Bivens* claim rather than an Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, claim. It is true that the Report did not specifically mention the APA. That was correct, however, because Cox did not plead an APA claim in his complaint as interpreted by the Court's threshold review order (Doc. 8). If Cox wishes to proceed under the APA, he is free to seek leave to amend his complaint to add an APA claim.

Furthermore, regardless of the theory under which Cox is proceeding, Magistrate Judge Wilkerson's recommended disposition of the PI motion is correct. Cox's essential claim is that 28 C.F.R. § 540.14(d)(4) is unconstitutionally vague on its face and as applied to him. He does not have a likelihood of success in showing the regulation is unconstitutional on its face; the Seventh Circuit Court of Appeals has rejected a facial challenge to similar a regulation. *See King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005).

Nor does Cox have a likelihood of success in showing the regulation is unconstitutional as applied to him because he is not directing a business and is instead conducting protected First Amendment activities that the BOP cannot regulate.  The evidence shows BOP officials have reason to believe Cox has hired employees to run an enterprise designed to solicit donations and manage donated funds, including contracting with fundraising services, leasing donor lists, hiring legal counsel and an accountant, and making corporate organizational and Internal Revenue Service filings.  BOP officials also have evidence that Cox was directing the management of the enterprise and the disposition of donated funds while at the same time trying to hide his directorial role.  These are hallmarks of directing a business, not protected First Amendment activities.

In light of his apparently negligible chance of success at this point in the litigation and the outstanding important issues regarding exhaustion of administrative remedies and the existence of a cause of action, the Court agrees with Magistrate Judge Wilkerson that preliminary injunctive relief is not warranted at this time.  For these reasons, the Court hereby:

- **ADOPTS** the Report as **SUPPLEMENTED** by this order (Doc. 59);
- **OVERRULES** Cox's objections (Doc. 60); and
- **DENIES without prejudice** Cox's motion for a PI (Doc. 2); and
- **DENIES** Cox's motion to strike (Doc. 45).

**IT IS SO ORDERED.**
**DATED:  April 2, 2018**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**