IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCIS SCHAEFFER COX, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:17-cv-338-JPG-DGW
 )
WILLIAM TRUE, KATHERINE )
SIEREVELD, ANGELA DUNBAR, KATHY )
HILL, GARY BURGESS, RICHARD )
BLYTHE, RAHSAAN BASKERVILLE, )
CHAD KRAWCYZK, and HUGH HURWITZ, )
 )
    Defendants. )

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the following related motions:

1. The Motion to Dismiss Counts 1 and 2 filed by Defendants on January 2, 2018 (Doc. 40);
2. The Motion to Dismiss for Failure to State a Claim as to Counts 3 and 4 by Defendant Kathy Hill on January 2, 2018 (Doc. 41);
3. The Motion for Summary Judgment on the failure to exhaust administrative remedies filed by Defendants on January 2, 2018 (Doc. 42);
4. The Motion to Strike filed by Plaintiff on February 9, 2018 (Doc. 55);
5. The Motion for Sanctions filed by Plaintiff on February 15, 2018 (Doc. 57);
6. The Motion to Amend filed by Plaintiff on April 18, 2018 (Doc. 66).

For the reasons set forth below, it is **RECOMMENDED** that:

1. The Motion to Dismiss Counts 1 and 2 filed by Defendants on January 2, 2018 (Doc. 40) be **GRANTED**;
2. The Motion to Dismiss for Failure to State a Claim as to Counts 3 and 4 by Defendant Kathy Hill on January 2, 2018 (Doc. 41) be **GRANTED**;
3. The Motion for Summary Judgment on the failure to exhaust administrative

        remedies filed by Defendants on January 2, 2018 (Doc. 42) be **MOOTED**;
4. The Motion to Strike filed by Plaintiff on February 9, 2018 (Doc. 55) be **DENIED AS MOOT;**
5. The Motion for Sanctions filed by Plaintiff on February 15, 2018 (Doc. 57) be **DENIED**;
6. The Motion to Amend filed by Plaintiff on April 18, 2018 (Doc. 66) be **DENIED**; and,
7. That the Court adopt the following findings of fact and conclusions of law.

## INTRODUCTION

Plaintiff, Francis Schaeffer Cox, an inmate who was incarcerated at the United State Penitentiary in Marion, Illinois, filed a complaint pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics*, 403 U.S. 388 (1971) on April 3, 2017 (Doc. 1). He made various claims related to his ability to send and receive mail and communications with persons outside of prison. His claims were assessed pursuant to 28 U.S.C. §1915A and he was permitted to proceed on the following counts:

> **Count 1** – The Federal Bureau of Prisons' policy statements on "conducting a business," BOP PS 5265.14 and BOP PS 5270.09 are facially void for vagueness and as-applied to Plaintiff by Defendants True, Siereveld, Dunbar, Hill, Burgess, Blythe, Baskerville, and Krawcyzk;
>
> **Count 2** – Defendants Blythe, True, and Siereveld denied Plaintiff his First Amendment rights when they disciplined him and withheld specific items of Plaintiff's mail for allegedly conducting a business between December 22, 2016 and January 9, 2017;
>
> **Count 3** – Defendant Hill violated Plaintiff's First Amendment rights when she instructed Plaintiff not to communicate with Ligairi and in fact caused Plaintiff not to communicate further with Ligairi;
>
> **Count 4** – Defendant Hill retaliated against Plaintiff for attempting to communicate with the media in violation of the First Amendment when she approved discipline against him, as recounted in disciplinary report #2882521, #2914457, and #2931834;

Defendants seek dismissal of his claims and summary judgment on the affirmative defense of exhaustion of administrative remedies. In doing so, Defendants argue that the regulations, or

substantially similar regulations, at issue in Count 1 have been found constitutional. They further argue that Plaintiff's First Amendment claims are foreclosed by *Ziglar v. Abbasi*, __ U.S. __, 137 S.Ct. 1843 (2017).

### FINDINGS OF FACT

The facts of this case (as outlined in the Complaint) have been set forth by the District Court (Doc. 8) and this Court (Doc. 59), and will not be repeated in full here. According to Plaintiff's complaint, he has been denied the ability to correspond with individuals because of the unfair application of Bureau of Prison's (BOP) regulations that forbid inmates from conducting a business or profiting from media attention while incarcerated. He claims that he is not operating a business nor is he profiting from any media contacts. Instead, he has been trying to communicate with individuals in order to manage his legal defense fund and to promote his life story. Thus, he claims that his communications are being blocked in violation of his First Amendment rights, in part out of retaliation. The communications at issue include correspondence with a filmmaker, Joshua Ligairi, in the Summer of 2016 and communications later in 2016 with the persons involved in his legal defense fund.

In Count 1, Plaintiff claims that his general First Amendment rights to communicate were violated when two facially unconstitutional BOP regulations were applied to his letters to supporters, their return mail, and letters outlining the disposition of his legal defense funds. Thus, he claims that the regulations are impermissibly vague on their face and, as applied to him, are impermissible restrictions on speech. He seeks injunctive relief against the Director of the BOP, who currently is Hugh J. Hurwitz[1] (and Warden True who is responsible for carrying out any injunctive relief) with respect to the facial challenge to the regulations. *See Six Star Holdings,*

---

[1] Hugh Hurwitz should be substituted for Mark Inch.

*LLC v. City of Milwaukee*, 821 F.3d 795, 803 (7th Cir. 2016). And, he seeks money damages from Defendants Siereveld, Dunbar, Hill, Burgess, Blythe, Baskerville, and Krawcyzk, for preventing or confiscating written communications pursuant to the regulations.

In Count 2, Plaintiff claims that Defendants True, Blythe and Siereveld withheld communications and disciplined him in violation of the First Amendment with respect to at least seven letters sent to him from December 22, 2016 to January 9, 2017. The letters were allegedly withheld because they were deemed to be in furtherance of running a business.

In Counts 3 and 4, Plaintiff claims that Defendant Hill prevented him from communicating with Lagairi in the Summer of 2016 and that she retaliated against him for attempting to communicate with the media through three disciplinary reports issued in the Fall of 2016.

CONCLUSIONS OF LAW

*Motions to Dismiss*

In their motions, Defendants make a number of arguments, the main one being that Plaintiff is not entitled to a remedy pursuant to *Bivens* on any of the Counts in his Complaint. This argument will be addressed first: resolution of it will determine how the remaining arguments will be addressed.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint if it fails to state a claim upon which relief may be granted. On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim, the grounds upon which it rests, and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 554-56 (2007). Conclusory statements or the mere recitation of the elements of the cause of action are insufficient. *Id.*

*Bivens* permitted a cause of action for money damages against federal agents for violation of the Fourth Amendment's prohibition against unlawful searches and seizures. Since that ruling, the Supreme Court extended that remedy to claims involving Fifth Amendment gender discrimination and Eighth Amendment cruel and unusual punishment claims. *Davis v. Passman*, 442 U.S. 228, 248 (1979); *Carlson v. Green*, 446 U.S. 14, 20 (1980). However, the Supreme Court has since grown increasingly resistant to expanding the number of implied actions under *Bivens*: such expansion is now "disfavored." *Abbasi*, 137 S.Ct. at 1857. In *Abbasi*, the Supreme Court explained the limited scope of a *Bivens* Action. If this *Bivens* action "is different in a meaningful way from previous *Bivens* cases determined by the Court, then the context is new." *Abbasi*, 137 S.Ct. 1849. In turn, if the context is determined to be new, the Court "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. 1858.

In determining whether a context is new, the Court may look to a number of factors:

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider. *Id*. at 1860.

Here, although some Supreme Court cases assumed a *Bivens* remedy was available for First Amendment violations, the Court never specifically recognized such a claim. *Reichle v. Howards*, 566 U.S. 658, n. 4 (2012); *Ashcroft v. Iqbal,* 446 U.S. 662, 675 (2009). Further, a First Amendment claim based on the withholding of mail bears little resemblance to types of claims

previously recognized by the Supreme Court and outlined above. Since *Abbasi* was decided, district courts analyzing this prong of the test have repeatedly found that First Amendment claims raise a new context. *Harris v. Dunbar,* No. 2:17-cv-00536, 2018 WL 3574736, at *3 (S.D. Ind. July 25, 2018) (finding First Amendment interference with mail claim qualifies as a new context); *Stratmon v. Morris*, Case No. 1:12-cv-01837, 2018 WL 3388406, at *3 (E.D. Cal. July 10, 2018) (finding confiscation and interference with mail under the First Amendment presents a new context under *Bivens*). As such, Plaintiff's claims in Counts 1, 2, and 3 based upon the withholding of mail (and the request for money damages) are a new *Bivens* context.

Plaintiff's First Amendment retaliation claim in Count 4 presents a somewhat different question. While the Supreme Court has never recognized a First Amendment *Bivens* claim, the Seventh Circuit, prior to the *Abbasi* decision, has recognized such retaliation claims. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (assuming without analyzing the existence of a First Amendment retaliation claim under *Bivens*); *Herron v. Meyer*, 820 F.3d 860, 861 (7th Cir. 2016) (reversing dismissal of a First Amendment retaliation claim in a *Bivens* case); s*ee also Mack v. Warden Loretto FCI*, 839 F.3d 286, 296-7 (3rd Cir. 2016) ("Our Court, however, has explicitly recognized a *Bivens* action when a prisoner has been retaliated against for exercising his or her First Amendment right to petition.); *but see Bush v. Lucas*, 462 U.S. 367 (1983) (declining to extend a *Bivens* remedy to a federal employee who was demoted after exercising his First Amendment rights). Other Courts that do consider *Abassi* in the context of a First Amendment retaliation claim, however, do find that it is a new *Bivens* context justifying the consideration of special factors. *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018) (First Amendment retaliation claims raise a new context under *Bivens*); *Badley v. Granger*, 2018 WL 3022653 (S.D. Ind. June 18, 2018); *Howard v. Lackey*, 2018 WL 1211113, at *3 (E.D. Ky. March 7, 2018)

(finding First Amendment retaliation claim based on failure to receive single piece of mail raised a new *Bivens* context).

Based on the foregoing, this Court recommends that First Amendment retaliation claim contained in Count 4 be considered a "new" *Bivens* context that would require the Court to consider special factors. First, the Supreme Court has not extended *Bivens* to First Amendment cases. Second, the Seventh Circuit has not considered such a case post *Abbasi*. Third, the Court has indicated that even a "modest" extension of *Bivens* is still an extension that requires further analysis. And, fourth, most Courts that consider the issue find that such an issue does present a new *Bivens* context.

In light of this conclusion, the Court must then determine if there are "special factors counseling hesitation before authorizing a new kind of federal litigation." *Abbassi*, 137 S.Ct. at 1858. Such factors can include whether there are alternative avenues for Plaintiff to vindicate his rights, a consideration that may offer a "'convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id*. (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). That is, the Court "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. 1858. Where sound reason exists to believe Congress might doubt the necessity of a damages remedy for enforcing the law or right at interest, Courts should refrain from creating the remedy. *Id.* at 1858. Thus, if Congress has created an alternative means of protecting the injured party's interests, courts should refrain from creating a new remedy in damages. *Id.* at 1858. Further, where there are a "host of considerations that must be weighed and appraised" in deciding whether to allow for a damages remedy, the determination should be left to those who write the laws rather than those who interpret them. *Id.* at 1857.

Here, the existence of alternative remedies counsels against expansion of *Bivens* in this case.[2] Alternative remedial structures can take many forms, including administrative, statutory, equitable and state law remedies. *Vega v. United States*, 881 F.3d 1146, 1154 (9th Cir. 2018). While prisoners cannot bring suit under the Federal Tort Claims Act for deprivation of personal property by federal prison officials, other administrative remedies exist here. *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, n. 7 (2008); *See also Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008). Such remedies include: (1) a claim under 31 U.S.C. § 3723, which allows small claims (up to $1,000) to be presented to the agency for redress of damages caused by the negligent acts of a federal officer; or (2) a claim under 31 U.S.C. § 3724, which allows the Attorney General of the United States to settle claims for losses of privately owned property, among other things, caused by employees of the Department of Justice (for not more than $50,000). *Id.*; *See also Hoskins v. Craig*, Case No. 11-cv-296-GPM, 2013 WL 675734, at *2-3 (S.D. Ill. Feb. 25, 2013); *Adeyi v. FCI Fort Dix Health Servs.*, Case No. 09-cv-5316, 2012 WL 2076520, at *5 (D.N.J. June 7, 2012). The two remedies available under the United States Code provide a method for Cox to be compensated for loss that may have been occasioned by his inability to communicate regarding his

---

[2] Plaintiff's request for injunctive relief will be addressed below. Although Plaintiff may be seeking punitive damages, it is unlikely that such damages would be available as to much of his claims. The Seventh Circuit has previously found that given the authority of wardens and other administrators to impose reasonable limits on inmates' speech, punitive damages are unlikely to be assessed. *See Wheeler v. Talbot*, 695 Fed.Appx. 151, 153 (7th Cir. 2017). In order to assess punitive damages, a jury must find the defendant's conduct was malicious or in reckless disregard of a plaintiff's rights. *Smith v. Wade*, 461 U.S. 30, 35, 56 (1983); *See also Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 930 (7th Cir. 2004); *Calhoun v. DeTella*, 319 F.3d 936, 942 (7th Cir. 2003). 7th Cir. Pattern Jury Instructions § 7.28. Here, the claims do not require any finding of intent, let alone maliciousness or recklessness. Rather, the only question as to much of Plaintiff's claims is whether the denial of the materials was reasonably related to legitimate penological interests. As such, it is hard for the Court to see how punitive damages could be awarded in such a case.

life story and his legal defense fund. Thus, the existence of alternative remedial structures counsels against the expansion of *Bivens*.[3]

Further, legislative action suggesting Congress considered and chose not to provide a damages remedy for certain violations, should cause the court hesitation in expanding *Bivens*. *Abbasi,* 137 S.Ct. at 1865. Congress enacted the Prison Litigation Reform Act after the Supreme Court's early decisions expanding *Bivens.* That act made substantial changes to how prisoner abuse claims could be brought in federal court. *Id.* The fact that Congress overhauled the process, but chose not to provide damage remedies, suggests Congress did not see the necessity of such a remedy to address constitutional violations in prisoner cases.

Finally, the financial burden on federal agencies resulting from litigation counsels against the expansion of *Bivens* in this case. The cost to the government, and individual government employees, in defending against such suits is significant. This was recognized by Congress when it enacted the PLRA, with the express purpose of reducing costs related to frivolous lawsuits by prisoners. *Woodford v. Ngo,* 548 U.S. 81, 83 (2006). Thus, extending *Bivens* liability to First Amendment claims requires balancing the costs of defending such litigation against the need for damages as a remedy to protect prisoners' rights. The balancing of such policy concerns is precisely the type of activity the *Abbasi* Court counseled is better left to the legislative branch. *Abbasi,* 137 S.Ct. at 1857. Thus, the Court finds the special factors in this case counsel hesitation in expanding the *Bivens* remedy, and the Motion to Dismiss as to Counts 2, 3, 4, and the damages portion of Count 1 should be **GRANTED**.

---

[3] Some Courts also rely on the existence of Bureau of Prisons administrative remedies as evidence of the existence of alternative remedies. *Howard,* 2018 WL 1211113, at *3; *Stratmon*, 2018 WL 3388406, at *4. In light of Plaintiff's argument that administrative remedies were made unavailable in this matter, the Court is not convinced of the propriety of such an argument at this time in this particular matter.

Plaintiff also seeks prospective injunctive relief in Count 1. In particular, he claims that the regulations forbidding him from running a business, which resulted in the prevention of written communications, are unconstitutional on their face. In making such a claim, Plaintiff must show that the regulation is vague in all of its applications. *Koutnik v. Brown*, 456 F.3d 777, 783 (7th Cir. 2006). This portion of Count 1 cannot be brought pursuant to *Bivens* because Plaintiff is seeking prospective injunctive relief and not damages against individuals – as such, the preceding analysis does not apply to this claim. *See Carlson v. Green*, 446 U.S. 14, 18 (1980). In his response, however, Plaintiff states that he is withdrawing this claim (Doc. 51, pp. 4-5). *See e.g. Nolan v. City of Chicago*, 2017 WL 569154, *2 (N.D. Ill. 2017). The claim should accordingly be **DISMISSED WITHOUT PREJUDICE**.

In sum, Count 1 (as against Siereveld, Dunbar, Hill, Burgess, Blythe, Baskerville, and Krawcyzk), Count 2, Count 3, and Count 4 should be **DISMISSED WITH PREJUDICE**. Count 1, encompassing a facial challenge to BOP PS 5265.14 and BOP PS 5270.09 against Defendants Hurwitz and True should be **DISMISSED WITHOUT PREJUDICE**.

In light of this conclusion, it is unnecessary to determine whether Defendants are entitled to qualified immunity or whether Plaintiff exhausted his administrative remedies. And, any evidentiary arguments made by Plaintiff are moot. Defendant's motion for summary judgment should be deemed **MOOT** (Doc. 42) as should the related motion to strike (Doc. 55).

Finally, Plaintiff's Motion for Sanctions is wholly without merit and should be **DENIED**.

***Motion to Amend***.

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Leave to amend may be denied, however, if there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or

where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Plaintiff proposed amended complaint seeks to add two claims, one under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq*. and the other seeking an injunction pursuant to 18 U.S.C. § 3626. Both claims are related to Plaintiff's contention that Defendants (in a conspiracy) retaliated against him when he attempted to publish his life story with Ligairi in the Summer of 2016 by issuing disciplinary reports. Leave to Amend should not be granted because both claims are futile. The APA claim is futile because Plaintiff does not allege a final agency decision. *Builders Bank v. Federal Deposit Insurance Corporation*, 846 F.3d 272, 275 (7th Cir. 2017). Plaintiff claims that various employees of the BOP conspired to issue disciplinary reports but does not indicate how any of these actions constitute a final agency decision. Indeed, Plaintiff alleges that a number of disciplinary reports remain pending. And, Plaintiff's request for an injunction is merely a claim for a particular type of relief and does not state a cause of action. The amendment, therefore, would be futile and would not prevent dismissal as set forth above.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that:

1. Hugh Hurwitz be substituted for Mark Inch;

2. The Motion to Dismiss Counts 1 and 2 filed by Defendants on January 2, 2018 (Doc. 40) be **GRANTED**: That part of Count 1 against Hurwitz, True, Siereveld, Dunbar, Hill, Burgess, Blythe, Bakserville, and Krawcyzk and encompassing the "as applied" claim should be **DISMISSED WITH PREJUDICE** and that part of Count 1 encompassing a facial challenge to BOP PS 5265.14 and BOP PS 5270.09 against Defendants Hurwitz and True should be **DISMISSED WITHOUT PREJUDICE**. Count 2 should be **DISMISSED WITH PREJUDICE**;

3. The Motion to Dismiss for Failure to State a Claim as to Counts 3 and 4 by Defendant Kathy Hill on January 2, 2018 (Doc. 41) be **GRANTED**. Count 3 and 4 should be **DIMISSED WITH PREJUDICE**;

4. The Motion for Summary Judgment on the failure to exhaust administrative

        remedies filed by Defendants on January 2, 2018 (Doc. 42) be **MOOTED**;

5.     The Motion to Strike filed by Plaintiff on February 9, 2018 (Doc. 55) be **DENIED AS MOOT**;

6.     The Motion for Sanctions filed by Plaintiff on February 15, 2018 (Doc. 57) be **DENIED**;

7.     The Motion to Amend filed by Plaintiff on April 18, 2018 (Doc. 66) be **DENIED**;

8.     That this matter be **DISMISSED** in its entirety; and,

9.     That the Court adopt the foregoing findings of fact and conclusions of law.

### NOTICE REGARDING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service. Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

**DATED: September 20, 2018**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**